UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

May 27, 2025

## LETTER MEMORANDUM

Re:  *Lydia Annella Anderson v. Stern & Eisenberg, P.C., et al.*,
     Civil Action No. 24-11198 (ES) (AME)

Dear Parties:

Before the Court is *pro se* plaintiff Lydia Annella Anderson's ("Plaintiff") amended application to proceed *in forma pauperis* ("IFP") (D.E. No. 4) and her amended complaint (D.E. No. 5 ("Amended Complaint" or "Am. Compl.")).

On December 16, 20244, Plaintiff filed her initial IFP application along with the original complaint against defendants Stern & Eisenberg, P.C. (the "Law Firm Defendant") and the Township of South Orange Village (the "Township") (collectively, "Defendants"), alleging that she was illegally evicted from her residence. (D.E. No. 1 at 4 & D.E. No. 1-2 at 5). On December 23, 2024, Plaintiff filed a motion for a temporary restraining order ("TRO") to prohibit Defendants from "further removing the Plaintiff's possessions from the property at 18 South Stanley Road in South Orange." (D.E. No. 2 at 1). On December 27, 2024, the Court issued a Text Order acknowledging receipt of Plaintiff's IFP application and TRO. (D.E. No. 3). Specifically, the Court denied *without prejudice* Plaintiff's IFP application for failure to include both a signature and date. (*Id.*). In addition, although Plaintiff's complaint had not been deemed filed, the Court noted that it "may not have subject matter jurisdiction over at least a portion of Plaintiff's dispute as there is no authority for this Court to interfere with state court proceedings, including the future or past foreclosure of property." (*Id.* (citing *Albert v. Specialized Loan Servicing, LLC*, No. 19-0074, 2020 WL 865435, at *2 (D.N.J. Feb. 14, 2020) (noting that the court "denied [p]laintiff's application for emergent injunctive relief, finding that his request to enjoin the foreclosure sale of his property was prohibited by *Rooker-Feldman*")). On January 14, 2025, Plaintiff filed a renewed IFP application, which is signed and dated. (D.E. No. 4). On the same day, Plaintiff filed the Amended Complaint against Defendants again alleging illegal eviction from her South Orange residence and the removal of her personal property. (Am. Compl. at 3).

Pursuant to 28 U.S.C. § 1915, "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948) (internal quotations omitted). In order to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs and

still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (cleaned up).

Based on Plaintiff's amended IFP application (*see generally* D.E. No. 4), made under penalty of perjury, signed, and dated, the Court finds she cannot both pay the filing fee and still be able to provide herself with the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's amended IFP application.

"[W]hen a person proceeds in forma pauperis, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). Courts have "the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court will, therefore, next review the Amended Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). A district court shall dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rules of Civil Procedure 12(b)(6) and 8. *See Shorter*, 12 F.4th at 371; *see also Afzal v. New Jersey Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022).

Pursuant to Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See Dist. Council 47, Am. Fed'n of State, Cnty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).

In addition, the Court recognizes that it also has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022) ("[Courts] have a continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue."); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is

incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))).

As best as this Court can decipher from the Amended Complaint, Plaintiff has been involved in foreclosure and bankruptcy proceedings since 2008. (Am. Compl. at 3). She maintains the Law Firm Defendant had the ability to "receive service of process" but that it did not have "ownership interest in the property." (*Id.*). She believes the Law Firm Defendant falsely claimed to be the "Owner's Agent," and directed a third party to "illegally enter, search and seize [Plaintiff's] personal property." (*Id.* at 4). Plaintiff further claims that the Township "aided and abetted" the Law Firm Defendant and refused to accept her tax payments for the property. (*Id.*). She also alleges that the Township directed the United States Post Office ("USPO") to stop delivering mail to her South Orange residence because it had been padlocked. (*Id.*). For this reason, Plaintiff asserts that "agents of the Federal Government" violated her civil rights under Amendment XIV of the United States Constitution. (*Id.* at 5). Plaintiff states she has "nowhere to call home" and remains homeless. (*Id.* at 6).

As a result of the foregoing, Plaintiff brings claims for alleged violations of her civil and/or due process rights "pursuant to Amendments XIV and IV," and states that "Foreclosure Law Title VII Sec. 702" is at issue. (*Id.* at 2). Plaintiff alleges she suffers from major depression, anxiety, severe headaches, chest pains, and sleepless nights. (*Id.* at 6). Plaintiff seeks "bona fide ownership" of the South Orange residence, or restored ownership of her property, and asks "that she be secure in her person, house, and papers against unreasonable seizure." (*Id.* at 5–6). She also seeks damages that reflect "the value of all stolen properties" and "damages for the period of time that [she] was unable to access her belongings due to the illegal eviction." (*Id.* at 6). Finally, Plaintiff seeks punitive damages, claiming that the actions of the Law Firm Defendant "were egregious and illegal." (*Id.*). Plaintiff's claims fail in multiple respects.

***First***, "the *Rooker-Feldman* Doctrine provides that district courts do not have jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *VU Urb. Renewal A, LLC v. Lewis*, No. 22-6773, 2022 WL 17722881, at *1 (D.N.J. Dec. 15, 2022) (quoting *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021)). Here, under the *Rooker-Feldman* Doctrine, this Court lacks subject matter jurisdiction over Plaintiff's claims that (i) challenge her allegedly unlawful eviction or (ii) assert a violation of her federal due process and/or civil rights in connection with the underlying state court eviction proceedings. Specifically, there is no authority for this Court to interfere with the propriety of state court proceedings or judgments, including the future or past foreclosure of property. *See, e.g.*, *Newton v. Mizell*, No. 09-0470, 2009 WL 311854, at *3 (D.N.J. Feb. 5, 2009) ("The crux of Plaintiffs' claims lies in their allegation that the New Jersey Courts violated the Fifth and Fourteenth Amendments to the United States Constitution by deciding that they could be evicted. Under the *Rooker-Feldman* Doctrine, the correction of such an error, if committed, is properly the purview of the Supreme Court of New Jersey, and is outside the jurisdiction of this court."), *aff'd*, 346 F. App'x 754 (3d Cir. 2009); *Grine v. Colburn's Air Conditioning & Refrigeration*, No. 09-0011, 2009 WL 2634179, at *5–6 (W.D. Pa. Aug. 25, 2009) (dismissing due process and Fourth Amendment claims under *Rooker-Feldman* as "inextricably intertwined" with the state court action), *aff'd* 382 F. App'x 203 (3d Cir. 2010); *see also Waridi v. Stern & Eisenberg*, 248 F. Supp. 3d 651, 654 (E.D. Pa. 2017) ("Pursuant to the *Rooker-Feldman* doctrine the [c]ourt

lacks jurisdiction over any of plaintiff's claims seeking review and rejection of the judgment in the foreclosure proceeding.") (citing *Gilarmo v. US Bank NA ex rel. CSAB Mortgage Backed Trust 2006–1,* 643 F. App'x 97, 100 (3d Cir. 2016) ("[T]o the extent that [plaintiff] complained of injuries caused by the state court foreclosure judgment and invited the [district] [c]ourt to review it and reject it, subject matter jurisdiction was lacking.")); *Harriat v. Westfield Police*, No. 03-3879, 2005 WL 3588490, at *4 (D.N.J. Dec. 29, 2005) ("Plaintiff's claims arise from a final judgment of foreclosure by the Superior Court of New Jersey" and thus the matter "fits squarely into the kind of cases contemplated in the Supreme Court's discussion of the *Rooker-Feldman* doctrine.")*.*

Accordingly, because the Court interprets nearly all of Plaintiff's claims as stemming from her eviction,[1] they are barred by *Rooker-Feldman* and **DISMISSED** with prejudice. *See Gruen v. Gruen*, No. 21-17224, 2023 WL 7194902, at *4 (D.N.J. Nov. 1, 2023) (dismissing claims barred by *Rooker-Feldman* with prejudice), *aff'd*, No. 23-3080, 2024 WL 3717093 (3d Cir. Aug. 8, 2024); *Perez v. Seterus, Inc.*, No. 17-5862, 2018 WL 534159, at *3 (D.N.J. Jan. 24, 2018) (first citing *Bakshi v. Bergen Cty. Superior Court*, 687 F. App'x 215, 218 (3d Cir. 2017) (concluding that, based on the *Rooker-Feldman* doctrine, "the District Court lacked subject-matter jurisdiction," and affirming "its orders dismissing [plaintiff's] claims with prejudice and denying reconsideration"); and then citing *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012) (affirming the district court's dismissal with prejudice on *Rooker–Feldman* grounds)).

***Second***, even if Plaintiff's constitutional claims were not barred by *Rooker-Feldman*, the Court would dismiss them pursuant to Rule 12(b)(6) for failure to state a claim. Relevant here, Plaintiff fails to adequately plead any federal claims against Defendants for violation of her constitutional rights under the Fourth or Fourteenth Amendments, such as a claim for unlawful search and seizure in violation of the Fourth Amendment or a claim for unlawful takings and/or violation of civil rights under the Fourteenth Amendment.

"Section 1983 provides a cause of action against any person acting under color of state law who subjects a person or causes a person to be subjected . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022) (cleaned up). The State and private citizens who are not state actors are not considered "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) ("The remaining defendant . . . is a private citizen and not a state actor, and therefore cannot be subject to liability under § 1983."). Moreover, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d

---

[1] The Amended Complaint also purports to raise a claim in connection with "Foreclosure Law Title VII Sec. 702." (Am. Compl. at 2). Plaintiff appears to invoke the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. 111–22, §§ 701–704, 123 Stat. 1632, 1660–62 (2009), codified at 12 U.S.C. § 5220, as part of the Emergency Economic Stabilization Act, *see* 12 U.S.C. § 5201, *et seq*. Congress enacted PTFA to protect tenants living in foreclosed residential rental buildings from being suddenly evicted from their homes. *Fed. Nat. Mortg. Ass'n v. Allen*, No. 13-0483, 2013 WL 5146201, at *4 (W.D. Pa. Sept. 13, 2013) (citing 65 A.L.R. F. 2d 217 § 2 (2012)). However, Plaintiff "does not demonstrate how the act would apply to her where by its plain terms it applies only to bona fide tenants and [Plaintiff] was the mortgagor of the property [at issue]." *See Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *3, n.6 (3d Cir. Sept. 28, 2021). Indeed, as reflected throughout the Amended Complaint and documents attached thereto, Plaintiff maintains that she held the deed to her South Orange property and paid taxes on the same. (*See, e.g.*, Am. Compl. at 4 & 13).

268, 277 (3d Cir. 1999) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Lastly, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996) (citing *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658, 98 (1978)).

Here, Plaintiff cannot maintain a Section 1983 claim for alleged violations of her Fourth or Fourteenth Amendment rights against the Law Firm Defendant because neither it nor the attorneys that form it are "persons" under the statute. *See, e.g.*, *Angelico*, 184 F.3d at 277. In addition, Plaintiff's claims cannot be maintained against the Township because she has not identified any custom or policy enacted by the Township that caused alleged violations of her constitutional rights or right to due process. Overall, the Amended Complaint does not allege any facts to plausibly suggest that Defendants violated Plaintiff's civil rights or right to due process under the Fourth or Fourteenth Amendments. (*See generally* Am. Compl.). Mere conclusory and vague allegations that Defendants violated Plaintiff's constitutional rights,[2] violated her right to due process, or violated unidentified federal and state laws, are insufficient to state a claim upon which relief may be granted. For these reasons, notwithstanding application of the *Rooker-Feldman* doctrine, Plaintiffs' claims would not survive the pleading stage. Accordingly, Plaintiff's constitutional claims are **DISMISSED** *without prejudice* in the alternative for failure to state a claim.[3]

For the reasons set forth above, Plaintiff's Amended Complaint is **DISMISSED**. Plaintiff's claims challenging her eviction, and the propriety of the underlying eviction proceedings are **DISMISSED** *with prejudice* under the *Rooker-Feldman* doctrine. To the extent Plaintiff's claims are not barred under *Rooker-Feldman*, they are **DISMISSED** *without prejudice* for failure to state a claim.

An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Although Plaintiff does not name the USPO or any of its agents as defendants, the Court would dismiss any claims against them for alleged violation of Plaintiff's civil rights for failure to state a claim under Rules 8 and 12(b)(6) because the allegation as to the USPO is vague and conclusory. (*See* Am. Compl. at 5).

[3] Although the Court questions the merits of any potential constitutional claims under Section 1983 or otherwise that are untethered to her eviction, the Court is not prepared to dismiss these claims *with prejudice* at this juncture in light of Plaintiff's *pro se* status. To the extent Plaintiff maintains constitutional claims that are not inextricably intertwined with her eviction, she may file a second amended complaint within thirty (30) days.